**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.M.**

**No. 22-729** (Monroe County CC-32-2021-JA-5)

**MEMORANDUM DECISION**

Petitioner Father D.M.[1] appeals the Circuit Court of Monroe County's August 24, 2022, order terminating his parental rights to L.M.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In February 2021, the DHHR filed a petition alleging, among other things, that petitioner's home was in deplorable condition. The home contained drug paraphernalia and excess debris, in addition to the fact that it lacked running water. The following month, petitioner stipulated to having neglected the child as a result of his failure to keep the home in a habitable condition. The circuit court also granted petitioner a post-adjudicatory improvement period.

At a review hearing in June 2021, the court noted that petitioner was "largely not compliant with the terms and conditions of his improvement period." Despite that, the court approved the multidisciplinary team's ("MDT") request for an extension of petitioner's improvement period to allow petitioner the opportunity to increase his participation. At a review hearing in August 2021, the court noted that petitioner "failed or refused to participate in drug screening" and was "unemployed and without adequate housing." Further, the court found that petitioner "has even gone so far as to indicate that he has not neglected his daughter." Based on the foregoing, the MDT recommended that petitioner's case be set for disposition. Despite petitioner's noncompliance, the court granted him a post-dispositional improvement period in September 2021. By January 2022, petitioner showed some compliance, but the record demonstrates that he was often late for services

---

[1]Petitioner appears by counsel Richard M. Gunnoe. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Steven R. Compton. Counsel Amy L. Mann appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

and struggled to maintain adequate housing. The court granted petitioner an extension of his improvement period at that time.

The court held a series of dispositional hearings, culminating in a final dispositional hearing in August 2022. The court noted that petitioner had been on an improvement period for seventeen months, yet still lacked safe, stable housing. According to the record, the DHHR introduced evidence of the residence that petitioner claimed to be his home showing that it "was in worse shape than when this case began." The evidence revealed that the home had lacked electricity for three months prior to the hearing. The court also noted that, although maintaining stable employment was a requirement of his case plan, petitioner "changed jobs and ha[d] not provided updated employment verification despite multiple requests to do so." The court further noted that petitioner had not had a single overnight visit with the child due to the lack of stable housing. Finally, the court highlighted the fact that petitioner "overdosed on controlled substances and was administered five or six doses of Narcan" after he had been on his improvement period for over one year. Based on the foregoing, the court concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future and that the child's welfare required termination of his parental rights. Accordingly, the court terminated petitioner's parental rights to the child.[3] It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner raises three assignments of error, all related to his assertion that the circuit court erred in denying him an extension of his post-dispositional improvement period. First, petitioner argues that he should have been granted an extension because he was able to provide the child safe housing. However, petitioner's argument ignores relevant evidence concerning the inappropriate condition of the home.

In support of this argument, petitioner cites to testimony from a DHHR worker at the May 22, 2022, dispositional hearing wherein the worker acknowledged that he had not been to petitioner's home. While it may be true that this particular worker was unprepared to rebut any potential testimony from petitioner concerning the condition of the home at that time, this fact is irrelevant when considering that the DHHR introduced photographic and testimonial evidence at the final hearing in August 2022 demonstrating that the home was, in fact, in worse condition than when the case began and had lacked electricity for the three months preceding the final hearing. On appeal, petitioner calls into question the motivation of the witness who testified to the home's condition, but the circuit court assessed the credibility of all witnesses, and we will not disturb these determinations on appeal. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

---

[3]The mother's parental rights were also terminated. The permanency plan for the child is legal guardianship in the current placement.

Next, petitioner argues that he was entitled to an extension of his improvement period because he was verifiably employed. In support of this argument, petitioner cites to his testimony wherein he claimed to have provided multiple individuals with the required verification of his employment. However, the court clearly discounted his self-serving testimony. While petitioner asserts that "employment . . . was the real point, not whether or how or when or to whom he provided verification," petitioner ignores the fact that his case plan required him to provide proof of his employment in the form of a pay stub or letter from his employer. As the circuit court found, petitioner ignored the DHHR's multiple requests for updated employment verification. Accordingly, this argument cannot entitle petitioner to relief.

Finally, petitioner argues that he was entitled to an extension of his improvement period because he followed the requirement that he refrain from using drugs. According to petitioner, he always screened clean. In regard to his overdose, petitioner claims that he did not knowingly ingest drugs and that someone must have "injected or done something to him." Simply put, this issue again comes down to credibility, as the circuit court was free to disregard petitioner's explanation for his overdose. Further, while it may be true that petitioner's screens were negative, the record also shows that petitioner was not fully compliant with drug screening. As such, the fact that petitioner did not produce any positive screens is insufficient to entitle him to relief.

Even more importantly, petitioner could not have received a second extension of his post-dispositional improvement period. West Virginia Code § 49-4-610(6) is clear that a circuit court "may extend any improvement period granted pursuant to subdivision (2) or (3) of this section *for a period not to exceed three months*." (Emphasis added). The circuit court granted petitioner an extension of his post-dispositional improvement period in January 2022, approximately eight months before the final dispositional hearing. Accordingly, petitioner had already received the maximum allowable extension to the improvement period. Additionally, it is clear that, despite his assertions to the contrary, petitioner did not substantially comply with the improvement period. *See* W. Va. Code § 49-4-610(6) (requiring, in part, that a parent demonstrate substantial compliance in order to receive an extension to an improvement period).

Ultimately, we find no error in the termination of petitioner's parental rights because the court had ample evidence upon which to make the necessary findings. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 24, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn